UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eric Anthony Grimes, | Case No. 3:22 CV 1150 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | |
| | OPINION AND ORDER |
| City of Toledo, | |
| Defendant. | |

*Pro se* Plaintiff Eric Anthony Grimes is no stranger to this Court. This is the seventh case he has filed in the Northern District of Ohio. In his first two cases, he submitted a properly completed *In Forma Pauperis* Application. *See Grimes v. Toledo Municipal Court*, No. 3:14 CV 2208 (N.D. Ohio Jan 13, 2015); *Grimes v. Kapszukiewicz*, No. 3:17 CV 630 (N.D. Ohio May 31, 2017). Both cases were dismissed under 28 U.S.C. § 1915(e). In his third case, Plaintiff submitted his Complaint without a filing fee or an Application to Proceed *In Forma Pauperis*. *See Grimes v. Lucas County Child Support Enforcement*, No. 3:18 CV 2524 (N.D. Ohio Nov. 19, 2018). He was ordered to correct that deficiency. Plaintiff instead submitted a Notice of International Promissory Note. The Court dismissed his case as frivolous and lacking in a cognizable allegation of federal jurisdiction. *Id.*

Plaintiff's next three cases follow a pattern. *See Grimes v. Internal Revenue Service*, No. 3:21 CV 1757 (N.D. Ohio Dec. 7, 2021); *Grimes v. State of Ohio*, No. 3:21 CV 2163 (N.D. Ohio

Dec. 7, 2021); *Grimes v. State of Ohio*, No. 3:21 CV 2275 (N.D. Ohio Mar. 28, 2022). Each of the pleadings in these cases is completely devoid of facts, largely incomprehensible and composed solely of legal conclusions. Furthermore, in each case he submitted an Application to Proceed *In Forma Pauperis* that was not completed. Plaintiff wrote "N/A" throughout the entire form, crossed out major portions of the form and left the rest of it blank. In each case, the Court determined he did not make a sincere attempt to complete the form, denied his Application and dismissed the case.

This case follows the same pattern as his last three cases. He submitted a pleading that is totally devoid of facts and is composed entirely of legal conclusions. He also submitted an Application to Proceed *In Forma Pauperis* in which he typed "0" as every answer or simply left it blank. As he has already been informed by the Court on at least three prior occasions that this is not sufficient to demonstrate poverty, this Application is denied.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a time when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. *In re Sindram*, 498 U.S. 177, 179-80 (1991). After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, the Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner.

As an initial matter, Plaintiff continues to file frivolous pleadings and declines to pay the filing fee or properly complete the forms necessary to request pauper status. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir.1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege

of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).

Plaintiff has abused that privilege. He therefore is enjoined permanently from proceeding *in forma pauperis* in the future and shall be required to pay the entire filing fee for every new action at its initiation. The Clerk's Office is instructed to return unfiled, any action Plaintiff submits for filing unless it is accompanied by the full filing fee. Moreover, Plaintiff is cautioned that if he continues to submit frivolous actions, the Court may also enjoin him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

Accordingly, Plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is DENIED and this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Within thirty (30) days of the date of this Order, Plaintiff may reopen this case by paying the full filing fee of $402.00 and filing a Motion to Reopen. The Court will not entertain any additional motions, including a Motion to Reopen, unless it is preceded by or accompanied by payment of the full filing fee within the time specified. In addition, Plaintiff is permanently enjoined from proceeding *in forma pauperis* in any future action and is required to pay the entire filing fee for every new action at its initiation.

The Clerk's Office is instructed to return unfiled, any action Plaintiff submits for filing unless it is accompanied by the full filing fee. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

                                          s/James G. Carr
                                          JAMES G. CARR
                                          UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.